Matter of Petros B. v Ragat B. (2019 NY Slip Op 02977)





Matter of Petros B. v Ragat B.


2019 NY Slip Op 02977


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Friedman, J.P., Sweeny, Tom, Moulton, JJ.


9040

[*1]In re Petros B., Petitioner-Appellant,
v
Ragat B., Respondent-Respondent.


Daniel R. Katz, New York, for appellant.
Anthony DeLorenzo, New York, for respondent.



Order, Family Court, New York County (Adetokunbo O. Fasanya, J.), entered on or about January 16, 2018, which granted respondent mother's objections to that part of the order, same court (Lewis Borofsky, Support Magistrate), entered on or about October 6, 2017, stating that the original amount of petitioner father's child support obligation was $52 per week, and ordered that the correct amount was $120 per week, payable through the Support Collection Unit, and directed the Support Collection Unit to make any corrections to the calculations of arrears after January 18, 2017 to ensure that arrears were calculated using the amount of $120 weekly, unanimously affirmed, without costs.
Contrary to the father's argument, consistent with the procedural history, the objection submitted by the mother sufficiently stated that the Support Magistrate, in reinstating the father's child support obligation, "incorrectly [set] the child support . . . at $52 per week in that in dismissing the petition to modify the court should have reinstated the last order of support for $120 per week set by the March 17, 2016 order" (see Family Court Act § 439[e]).
Further, the record supports the conclusion that reinstatement of $120 per week, as the "original" amount of the father's child support obligation, prior to the filing of his petition for modification, was intended by the Support Magistrate. Inasmuch as the Support Magistrate's assertion of the amount of child support was a notational error, and did not represent an adjudication of a matter of substance, the correction was properly made pursuant to CPLR 5019(a) (see e.g. McCaffery v 924 Food Corp., 295 AD2d 151, 152 [1st Dept 2002]).
Finally, although deference is given to a support magistrate's finding, such finding, clearly in error, was
properly corrected based on the record (see e.g. Matter of Heintzman v Heintzman, 157 AD3d 682, 694 [2d Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK